UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

AARON SHEROD HARRELL, JR.,

    Petitioner,

v.                                                        Case No. 3:22-cv-1227-TJC-MCR

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,

    Respondent.

_____

## ORDER

**I.   Status**

    Petitioner, Aaron Sherod Harrell, Jr., an inmate of the Florida penal system, initiated this action by filing a pro se Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. Doc. 1. Petitioner is serving a fifteen-year term of incarceration for burglary. In response, Respondent filed a Motion to Dismiss arguing that the case is untimely filed and requesting dismissal with prejudice. See generally Doc. 5 (Resp.).[1] Petitioner replied. See Docs. 6, 9. This case is ripe for review.

---

[1] Attached to the Response are several exhibits. The Court cites the exhibits as "Resp. Ex."

## II. <u>One-Year Limitations Period</u>

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) amended 28 U.S.C. § 2244 by adding the following subsection:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### III. Analysis

On December 15, 2017, a jury found Petitioner guilty of burglary of a dwelling. Resp. Ex. A at 64. On January 18, 2018, the trial court sentenced him to a fifteen-year term of incarceration with a fifteen-year mandatory minimum as a Prison Releasee Reoffender. Id. at 100-06, 260. Petitioner sought a direct appeal, and on July 2, 2019, the First District Court of Appeal per curiam affirmed Petitioner's conviction and sentence without a written opinion. See Resp. Ex. F. Petitioner's judgment and sentence became final ninety days later, on September 30, 2019. His one-year statute of limitations began to run the next day – October 1, 2019 – and ran for 365 days until September 30, 2020, when Petitioner filed his counseled motion to correct fundamental sentencing error under Florida Rule of Criminal Procedure 3.800(a). See Resp. Ex. G at 5-11. Petitioner's Rule 3.800(a) motion tolled the limitations period. The First DCA issued its mandate affirming the trial court's denial of the Rule 3.800(a) motion on June 14, 2021. See Resp. Ex. J. But, because Petitioner filed a

3

counseled petition alleging ineffective assistance of appellate counsel with the First DCA on May 24, 2021, Petitioner's statute of limitation remained tolled. See Resp. Ex. K.9 (cite petition). On July 15, 2021, the First DCA denied that petition.[2] See Resp. Exs. K, L. And, contrary to Respondent's position,[3] Petitioner's one-year limitation period remained tolled until the time for Petitioner to seek a motion for rehearing with the First DCA expired on July 30, 2021. See Resp. Ex. L at 2 ("Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331."); Fla. R. App. P. 9.330 (requiring that a motion for rehearing be filed within fifteen days of the opinion); Felton v. Florida, 153 F. App'x 620, 621 (11th Cir. 2005)[4] (finding that a state habeas petition filed in the First DCA remained "pending" for purposes of § 2244(d)(2),[5] until the state court denied rehearing); Williams v. Dixon, No.

---

[2] Because a state habeas petition falls within the original jurisdiction of the Florida appellate court, no mandate is required. See Felton v. Florida, 153 F. App'x 620, 621 (11th Cir. 2005); Fla. R. App. P. 9.030(b)(3), 9.141(c).

[3] According to Respondent, because Petitioner never moved for rehearing of the July 15, 2021 opinion, the one-year limitations period expired on July 16, 2021, without any collateral relief motions or appeals pending in the state courts at the time. See Doc. 5.

[4] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060-61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

[5] Under § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment

1:23-cv-206-AW-MJF, 2024 WL 3016526, at *4 (N.D. Fla. May 2, 2024)[6] (finding the federal limitations period was statutorily tolled until expiration of the fifteen-day deadline for filing a motion for rehearing of the disposition of petitioner's state habeas petition), rep. & recommendation adopted, 2024 WL 3013657 (N.D. Fla. June 14, 2024); Lee v. Dixon, No. 1:22-cv-114-AW-MJF, 2023 WL 3727015, at *3 (N.D. Fla. Apr. 12, 2023) (finding the federal limitations period was statutorily tolled until expiration of the fifteen-day deadline for filing a motion for rehearing of the disposition of petitioner's state habeas petition), rep. & recommendation adopted, 2023 WL 3724764 (N. D. Fla. May 30, 2023); Wilson v. Crews, No. 14-21619-CIV, 2014 WL 8508535, at *14-17 (S.D. Fla. Dec. 16, 2014) (finding that a Florida prisoner's habeas petition, alleging ineffective assistance of appellate counsel, remained "pending" for purposes of § 2244(d)(2), until the fifteen-day deadline to move for rehearing expired, even though the prisoner did not seek rehearing; collecting cases), rep. & recommendation adopted, 2015 WL 1566421, at *3 (S.D. Fla. Apr. 8, 2015) (adopting, without objection, the recommendation that the petition was timely);

---

or claim is pending shall not be counted toward any period of limitation under this subsection."

[6] The Court notes that although decisions of other district courts are not binding, they too may be cited as persuasive authority. See Stone v. First Union Corp., 371 F.3d 1305, 1310 (11th Cir. 2004) ("Although a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects.").

5

see also Cramer v. Sec'y, Dept. of Corr., 461 F.3d 1380, 1382-84 (11th Cir. 2006) (finding that a prisoner's postconviction motion under Florida Rule of Criminal Procedure 3.800 remained "pending" for purposes of § 2244(d)(2), until the time for filing a notice of appeal expired, even though no actual notice was filed).

On July 22, 2021, before the expiration of the fifteen-day period for filing a motion for rehearing with the First DCA, Petitioner filed with the trial court a counseled motion under Florida Rule of Criminal Procedure 3.850. See Resp. Ex. M at 5-36. The Rule 3.850 motion continued the tolling of Petitioner's limitations period until November 14, 2022, when the First DCA issued its mandate affirming the trial court's denial of that motion. See Resp. Ex. M at 725-29; Resp. Ex. O. Petitioner filed the Petition in this case on November 1, 2022, while his limitations period remained tolled. See Doc. 1. As such, the Petition is timely filed.

Accordingly, it is

**ORDERED AND ADJUDGED**:

1. Respondent's Motion to Dismiss (Doc. 5) is **DENIED**.

2. Respondent must file an amended response to the Petition, addressing the merits of Petitioner's claim **within sixty (60) days** of the date of this Order.

3. **Within sixty (60) days** of the filing of Respondent's amended response to the Petition, Petitioner may file an amended reply. If he does not

6

intend to file an amended reply, he shall so notify the Court by the same deadline. If Petitioner fails to file an amended reply or a notice by the designated deadline, the Court will consider the case to be ripe for review and all briefing will be closed.

    4.    The **Clerk of Court** shall administratively close the case pending receipt of the parties' additional briefing.

    **DONE AND ORDERED** at Jacksonville, Florida, this 17th day of November, 2025.



TIMOTHY J. CORRIGAN
Senior United States District Judge

Jax-11 11/7

C:    Aaron Sherod Harrell, Jr., #J43459
       Counsel of Record

7